### 58932. BANK OF COWETA v. LEE et al.

BIRDSONG, Judge.

Summary judgment. Appellant Bank of Coweta filed suit on March 14, 1977. Appellees filed an answer and subsequently filed a motion for summary judgment on October 12, 1977. After argument on that motion, the trial court ultimately granted summary judgment to Lee on June 13, 1979, and that judgment was filed on June 14, 1979. Notice of appeal was filed in the trial court on August 9, 1979. Appellant bank attempted to avoid the consequences of filing its notice of appeal 56 days after the judgment had been entered (i.e., 26 days beyond the time authorized) by filing a motion with the court to grant the right of late appeal. That motion showed that a notice of appeal was prepared in the office of appellant bank's attorney on June 27, 1979. Copies were mailed to the clerk of court, the trial court, and opposing counsel. On July 21, 1979, after the date for timely filing had passed, appellant's attorney was advised that no appeal had been received or filed by the clerk of court. The trial court granted the motion and authorized the filing of the belated appeal on August 8, 1979. *Held:*

The burden is upon the party desiring to take the appeal to file his notice of appeal within the required thirty-day period. *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530). A party does not satisfy this burden by relying on the speed of postal delivery. There is only one way in which to file a paper in the clerk's office, and that is by depositing it with the clerk, who is the legal custodian thereof. *Brinson v. Ga. R. Bank &c. Co.,* 45 Ga. App. 459, 461 (165 SE 321). We cannot consider appellant's contention that the notice of appeal was timely "mailed" when there is no evidence that the notice of appeal was

filed with the clerk within the required 30 days following the entry of judgment. The entry of filing by the clerk is the best evidence of the date of filing. That date shows the filing in this case to be August 9, 1979, 56 days after the judgment had been entered. It has been held that where the notice was alleged to have been in the clerk's office in time but not filed, by that functionary within the thirty-day period, such proof does not furnish satisfactory compliance with the statutory requirement of filing. *H. R. Lee Invest. Corp. v. Groover,* 138 Ga. App. 231, 232 (2) (225 SE2d 742).

A proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this court. *Wood v. Atkinson,* 229 Ga. 179 (190 SE2d 46). While the trial court may have the general power to enter certain types of orders, e.g., those allowing late filing of papers or those entered or effective nunc pro tunc, that power cannot be used to correct the failure to comply with the mandatory requirements of the Appellate Practice Act. *Cranman Ins. Agency v. Wilson Marine Sales & Service,* 147 Ga. App. 590, 592 (249 SE2d 631). The order of the instant case has the prohibited effect of allowing a late filing in the absence of an extension of time properly granted before expiration of the period for filing. The trial court simply had no jurisdiction to allow the late filing and as a result, the judgment became final upon the expiration of thirty days. See *Albert v. Bryan,* 150 Ga. App. 649, 650 (258 SE2d 300).

We hold that we are without jurisdiction of the appeal and it must be dismissed. *Smith v. Forrester,* 145 Ga. App. 281, 282 (243 SE2d 575).

*Appeal dismissed. Quillian, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 20, 1979 — DECIDED JANUARY 9, 1980.

*Steven E. Fanning,* for appellant.
*Theo D. Mann, Asa Mitchell Powell, Jr.,* for appellees.