## 65305. COHUTTA MILLS, INC. v. BUNCH.

BIRDSONG, Judge.

Default Judgment. Cohutta Mills, Inc. was the owner of a certain house, apparently which it made available to its corporate officers. It made the property available to one Larry Owens at a stipulated free rental with a specific option to buy, at any time, at a price equal to the amount for which the Small Business Administration would agree to release the house from the security deed held by SBA, but subject to the additional mortgage debt owed by Cohutta to a bank. Owens assigned the option to buy to Clara Bunch who under the terms of the option exercised the option the day after the assignment. As soon as it became apparent that Cohutta did not intend to sell under the option, Bunch brought the present suit seeking specific performance or alternatively damages. Initially, Cohutta retained the services of its present counsel. However, after making an answer and counterclaim, Cohutta's counsel withdrew, advising Cohutta to seek other representation.

At a preliminary hearing for the purpose of formulating a pretrial order, Ms. Bunch was represented by counsel but Cohutta was represented by its corporate president, Browen. Browen was informed by the trial judge that a corporation could not be represented in a legal matter by a lay person for that would be tantamount to practicing law without a license. Cohutta then re-retained its initial counsel. A copy of the pretrial order was forwarded to the newly retained counsel. Counsel for Bunch and Cohutta conferred by telephone on several occasions and apparently because Cohutta's counsel was from Atlanta, that counsel did not wish to drive daily to Chatsworth to sit in court awaiting the setting of the trial date. Ms. Bunch's counsel apparently agreed to let the Atlanta counsel know the actual trial date and thus allow Cohutta's counsel to eliminate the daily drive. However, counsel for both sides and Mr. Browen were all aware that the case would be called during the two weeks commencing June 7, 1982. On June 7, the calendar was called and when counsel for Cohutta did not answer the calendar call, counsel for Ms. Bunch, in accordance with local court rules, moved to dismiss the answer and counterclaim based upon non-appearance. The court dismissed the answer and counterclaim and entered judgment for Ms. Bunch directing both a specific performance of the option and monetary damages because Cohutta could not deliver the deed free of the indebtedness to the SBA at the option price.

Several days later, counsel for Cohutta was served with a copy of the judgment. At that point Cohutta moved to set aside the judgment and for a new trial. At a hearing on July 7, 1982, affidavits of counsel

for both parties were admitted and considered by the court. Counsel for Ms. Bunch added to the understanding of the parties that he had been willing to appear daily after the call of the calendar and when the case was set for trial, he promised to contact Cohutta's counsel. However, he disputed any understanding that he would answer the call of the case on the first day, but fully expected counsel for Cohutta to appear and answer ready or make any appropriate motions. Counsel for Cohutta made no attempt to contact the court or clerk of court of Murray County to ascertain the status of the case until after receiving service of the default judgment. After hearing argument and considering the evidence, the trial court found a lack of diligence by Cohutta's counsel and concluded that any agreement between opposing counsel did not amount to an agreement to make the initial appearance nor an allowable excuse for non-appearance. The trial court refused the motion for relief from the judgment and denied the motion for new trial. Cohutta brings this appeal enumerating three alleged errors. *Held:*

1. In its third enumeration, Cohutta complains of the form of the judgment wherein it directs both specific performance and a monetary damage. Diligent search of the brief discloses that counsel has made no mention of this alleged error, neither briefing it nor supporting it in any way by argument or citation of authority. Inasmuch as Cohutta has failed to brief or argue this third enumeration of error, we consider the enumeration to have been abandoned and as presenting nothing for this court to review. *O'Kelley v. Hayes,* 132 Ga. App. 134 (1) (207 SE2d 641).

2. An order of dismissal for failure to appear is discretionary with the trial court and is not subject to review by this court in the absence of an abuse of that discretion. Moreover, a dismissal for such reason should not be based solely on the absence of a party, but should be taken only after a full consideration of all circumstances. *Spyropoulos v. Linard Estate,* 243 Ga. 518, 519 (255 SE2d 40); *Maolud v. Keller,* 153 Ga. App. 268 (265 SE2d 86). A party or his counsel is chargeable with notice that his case, when ripe for trial, may be called for trial at any time during the term of court and even out of its regular order on the docket, in the court's discretion, provided it is placed on a calendar duly prepared and notice given of the same. *Grindle v. Eubanks,* 152 Ga. App. 58, 59 (1) (262 SE2d 235).

The facts of this case show that a calendar was placed in the hands of Mr. Browen and obviously into the hands of Browen's counsel prior to the call of the case on June 7, 1982. The record reflects that a motion to strike the amendment to the complaint was filed by Cohutta's counsel on June 3, and on May 28, a copy of the court calendar was mailed to Cohutta's counsel. The trial court in its

order shows that the court considered all the evidence and weighed the failure of appellant's counsel to be in court on June 7 to answer the call of the case; the fact that not only did counsel not appear on June 7, but counsel did not even check with the court until receipt of the order of default judgment on June 10. The court also specifically referred to and considered the purported agreement of counsel wherein Bunch's counsel agreed to notify Cohutta's counsel of the particular date of trial. The court agreed with Ms. Bunch's counsel that the agreement was that after the case was announced ready counsel for Bunch would monitor the court and notify Cohutta's counsel when the specific date for trial was set. Inasmuch as no appearance at all was made by appellant, no trial date was set and the answer and counterclaim dismissed for non-appearance. The court determined lack of diligence by Cohutta and that the non-appearance was not caused by or mixed with fraud, accident, or mistake by Bunch, unmixed with the negligence or fault of Cohutta.

We will not substitute our judgment for that of the trial court when there is no obvious or apparent abuse of discretion by the court in what clearly is a matter of discretion. *Hopkins v. Allen,* 123 Ga. App. 330 (180 SE2d 919). See also *Intl. Assn. of Machinists v. Street,* 215 Ga. 27, 40 (108 SE2d 796); *Grossman v. Glass,* 143 Ga. App. 464, 466 (3) (238 SE2d 569). Moreover, we find no ground in equity to set aside the judgment of the trial court in the face of the finding by the trial court that the dismissal was based upon the negligence of the appellant. *Cooper v. Mesh,* 247 Ga. 82, 83 (1) (274 SE2d 335).

Where the trial court hears evidence, considers briefs and arguments and thereafter in the exercise of its discretion renders a judgment on a motion, in the absence of legal error, the sole question for determination is whether there is any evidence to authorize and support that exercise of discretion. It is our duty to construe the evidence to uphold the judgment instead of upsetting it. See *Frost v. Williamson,* 239 Ga. 266, 268 (236 SE2d 615); *Bell v. Brewton,* 139 Ga. App. 463, 464 (228 SE2d 600). Clearly there is some evidence to support the exercise of discretion by the trial court in this case. Accordingly, finding neither clear legal error nor an abuse of discretion, we will affirm the judgment of the trial court. *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360, 365 (223 SE2d 757).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 8, 1983 —
REHEARING DENIED APRIL 27, 1983.

*J. Caleb Clarke III,* for appellant.
*Warren N. Coppedge, Jr., William T. Boyett,* for appellee.