## 68210. IN RE ANDERSON.

CARLEY, Judge.

Appellant filed a petition to change the name of her minor child. The matter was placed on the court's calendar for September 29, 1983. There was no appearance on behalf of appellant at the scheduled hearing, and the case was dismissed for want of prosecution. Thereafter, appellant filed a petition to reinstate her petition for name change on the ground that neither appellant nor her attorney had had notice of the hearing of September 29, 1983. The petition to reinstate was denied, and appellant appeals from that denial.

1. We perceive appellant's "petition to reinstate petition for name change" to be in the nature of a motion to set aside the judgment of dismissal pursuant to OCGA § 9-11-60 (d). The denial of such a motion is an appealable judgment, and the appeal therefrom was timely. See *Johnson v. Barnes*, 237 Ga. 502 (229 SE2d 70) (1976). Compare *Anton v. Garvey*, 160 Ga. App. 157 (286 SE2d 493) (1981).

2. Appellant's motion to reinstate the petition for name change

was predicated upon an alleged nonamendable defect appearing upon the face of the record, that defect being appellant's claimed lack of notice of the hearing. Where, as here, a case is dismissed for failure to prosecute, and a party or his counsel contends that he had no notice of the calendar, the trial court must exercise its discretion to determine whether, under all the circumstances of the case, the judgment should be set aside. *Spyropoulos v. John Linard Estate*, 243 Ga. 518 (255 SE2d 40) (1979); *Glennco, Inc. v. Silver Shoes, Inc.*, 164 Ga. App. 30 (295 SE2d 357) (1982). In the case at bar, the record contains a document entitled "Notice," which specifically sets forth the time and date of the scheduled hearing and calls for the appearance of all interested parties. That document is *signed by appellant herself*. Additionally, the record shows that notice by publication, which appeared in the local legal organ once a week for four weeks prior to the hearing, clearly and expressly states the time and date upon which the hearing would be held. Under such circumstances, it cannot be said that the trial court abused its discretion in refusing to reinstate the petition on the ground that appellant had no notice of the hearing. See generally *Havlik v. Tuftcraft, Inc.*, 162 Ga. App. 180 (290 SE2d 524) (1982); *East India Co. v. Marsh & McLennan, Inc.*, 160 Ga. App. 529 (287 SE2d 574) (1981).

3. On appeal, appellant contends that the denial of her petition to reinstate was erroneous for a reason other than the alleged lack of notice of the hearing. However, the matter was not raised in the lower court, and it will not be considered on appeal. Grounds argued in appellant's brief which were not raised in the trial court present nothing for review. *Turner v. Harper*, 233 Ga. 483 (211 SE2d 742) (1975); *Ga. Retail Assn. v. Ga. Public Service Comm.*, 165 Ga. App. 208 (300 SE2d 544) (1983); *Hopkins v. City of Philadelphia*, 155 Ga. App. 534 (271 SE2d 672) (1980).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 5, 1984.

*Sonja L. Salo*, for petitioner.