69647. SUNN v. MERCURY MARINE.
(327 SE2d 562)

POPE, Judge.

Appellant brings this pro se appeal from an order of the trial court dismissing her appeal of an order of summary judgment in favor of appellee. *Held*:

1. The trial court granted summary judgment to appellee in this personal injury action on December 28, 1983. On April 18, 1984 the trial court denied appellant's motion to vacate and granted appellee's motion to correct a clerical error therein and to make certain findings of fact. Appellant filed a notice of appeal from the April 18, 1984 order on May 21, 1984. On July 5, 1984 the trial court granted appellee's motion to dismiss the appeal as having been untimely filed. This appeal followed and was docketed in this court on September 17, 1984.

Appellant's motion to vacate the December 1983 summary judgment order was not sufficient to extend the filing date for a notice of appeal therefrom. *Robinson v. Carswell*, 147 Ga. App. 521 (249 SE2d 331) (1978). However, assuming arguendo that the trial court's April 1984 order was not a mere modification of its December 1983 summary judgment order and thus was a judgment from which appellant had 30 days in which to appeal (but see *Wilson v. Coite Somers Co.*, 138 Ga. App. 455 (226 SE2d 277) (1976)), the record clearly indicates that appellant's notice of appeal from the April 1984 order was filed 33 days after the entry of said order. The record discloses no extension of time in which to file an appeal, and appellant's attempts to assign blame for the delay to the trial judge and the clerk of court provide no basis to excuse her tardiness. See *Cranman Ins. Agency v. Wilson Marine Sales*, 147 Ga. App. 590 (249 SE2d 631) (1978); see also *Bank of Coweta v. Lee*, 153 Ga. App. 33 (264 SE2d 526) (1980).

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Moncrief v. Tara Apts.*, 162 Ga. App. 695 (293 SE2d 352) (1982). Appellant having failed to timely file her notice of appeal, the trial court properly dismissed her appeal. OCGA § 5-6-48 (b) (1).

2. Appellant has assigned error to the trial court's rulings of December 1983 and of April 1984, in addition to the order of July 1984

dismissing her appeal. However, having determined that the trial court properly dismissed appellant's appeal therefrom, we are without jurisdiction to entertain the merits of these enumerations of error. See *Minor v. Minor*, 173 Ga. App. 428 (327 SE2d 229) (1985). Appellant also assigns as error the trial court's failure to rule on her alternative motion to set aside the January 1983 summary judgment order. However, since the trial court has yet to rule on this motion, this enumeration of error presents nothing for this court to review. See *Bautz v. Best*, 170 Ga. App. 219 (4) (316 SE2d 589) (1984).

3. Appellee's petition for damages pursuant to Rule 26 (b) of this court is denied.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985.

Billie F. Sunn, *pro se.*
*Jeffrey Y. Lewis, Nill V. Toulme,* for appellee.