## 74583. BROADWATER v. CITY OF DANVILLE.
### (363 SE2d 316)

BENHAM, Judge.

Appellant landowner filed an appeal in the Superior Court of Wilkinson County from the award of a special master in a condemnation proceeding. The matter was placed upon the trial calendar, and when counsel for appellee announced ready for trial and neither appellant nor his counsel appeared for announcement, the trial court granted appellee's motion to dismiss appellant's appeal for want of prosecution. Appellate review of the dismissal and of the failure of the trial court to reinstate the case to the trial calendar is now sought by appellant.

On January 5, 1987, the day of the call of the trial calendar on which appellant's appeal appeared, appellant's counsel was teaching a trial advocacy seminar in New Orleans. While the record contains the affidavit of appellant's counsel in which he avers that in September

1986, he requested a leave of absence for early January 1987, the record does not contain such a request. Upon receiving the calendar showing that appellant's case was the eleventh case set for trial on January 5, appellant's counsel contacted counsel for appellee, who stated he had other matters set for January 5 and agreed that if the case were reached on January 5, the parties would seek a January 8 trial date. In a letter to the trial judge dated December 24 and filed with the clerk on December 29, 1986, appellant's counsel informed the court of the inability of counsel for both parties to begin trial on January 5, and requested that both be excused from attending the January 5 calendar call and that the case be specially set for January 8. The record also contains a letter to the trial judge dated December 29 and filed December 30 from appellee's counsel, who joined appellant's counsel in his request. On January 4, while in New Orleans, appellant's counsel received word that the trial court wanted an appearance on behalf of appellant and that a continuance was not assured. Appellant's counsel asked an attorney licensed to practice in Illinois and associated with him to appear in the trial court on January 5, to request a continuance until January 8, and to inform the court that appellant's counsel would return immediately to try the case if so directed by the court. By means of an affidavit made a part of the record, the representative sent by appellant's counsel averred that she had informed the court that appellant's counsel would take the first flight from New Orleans in order that the case might proceed on the afternoon of January 5, 1987. The trial court denied the motion for continuance made by the representative from the office of appellant's counsel and, upon motion of counsel for appellee, who had appeared at the calendar call and announced ready for trial, dismissed appellant's appeal for want of prosecution. Appellant's counsel personally appeared before the trial court the next morning and asked that the case be reinstated. A written motion seeking reinstatement was filed on January 30.

1. The record does not contain a ruling by the trial court on appellant's motion to reinstate, and we have ascertained that no ruling has been made during the pendency of this appeal. While the lack of a ruling prevents appellate review of the ruling (*Sunn v. Mercury Marine*, 173 Ga. App. 593 (2) (327 SE2d 562) (1985)), the absence of a ruling does not affect the finality of the judgment rendered against appellant. The action was dismissed during the January term of court (OCGA § 15-6-3 (28) (H)) (but see Ga. L. 1987, p. 295, § 1, effective July 1, 1987), which term expired without any action by the trial court on appellant's motion to reinstate. Since the trial court no longer has jurisdiction to set aside the dismissal and reinstate the action due to the expiration of the term (*Askren v. Allen*, 132 Ga. App. 292 (1) (208 SE2d 165) (1974)), the lack of a ruling thereon does not

deprive this court of jurisdiction to review the dismissal of appellant's appeal from the award of the special master.

2. The trial court's order of dismissal recited that the case had been called for trial; the opposing party had announced ready; neither appellant nor his counsel had appeared for announcement; a representative from the firm of appellant's counsel, not licensed to practice law in Georgia, had moved for a continuance, which motion was denied; appellee had moved to dismiss the case for want of prosecution; and the trial court had granted the motion.

"For failure of the plaintiff to prosecute . . . , a defendant may move for dismissal of an action . . . [which] does not operate as an adjudication upon the merits. . . ." OCGA § 9-11-41 (b). "[A]n order of dismissal for failure to prosecute is discretionary and is subject to appellate review for abuse of discretion. [Cits.]" *Hancock v. Oates*, 244 Ga. 175, 176 (259 SE2d 437) (1979). "[A] dismissal for [failure to appear] should not be based solely on the absence of a party, but should be taken only after a full consideration of all circumstances. [Cits.]" *Cohutta Mills v. Bunch*, 166 Ga. App. 395 (2) (304 SE2d 431) (1983).

Although it is not stated specifically, the strong implication of the trial court's order of dismissal is that appellant's appeal was dismissed due to the absence of appellant and his counsel from the January 5 calendar call. However, the dismissal could not have been based upon a violation of the "three-minute rule" embodied in former Code Ann. § 24-3341 since that rule was repealed by the adoption of the Uniform Rules for the Superior Courts (253 Ga. 799). See Rule 1.3, 253 Ga. at 809; *Jones v. Jones*, 256 Ga. 185 (345 SE2d 605) (1986). While Rule 14 of the Uniform Rules for the Superior Courts permits a trial court to dismiss a civil action without prejudice "upon the failure to properly respond to the call of the action for trial . . . ," that rule could not be properly exercised under the facts of this case since, under Rule 8.4, neither appellant nor his counsel was required to appear ready for trial on January 5 inasmuch as appellant's case was number 11 on the published trial calendar. Rule 8.4 "requires the presence only of [the parties and counsel in] the first five cases on the published calendar. [Appellant's appeal] was case #[11] on that calendar and [therefore neither appellant nor his counsel] was . . . required to be in court on Monday, [January 5]. [His] counsel attempted to find out either a specific trial date or to obtain permission to be on call with reasonable notice. These are the two options provided by the rules [Rule 8.4], the purpose of which is to provide for the uniform and expeditious functioning of the courts of this state, so that the merits of each case may be reached and substantial justice may be done to the parties. [Cit.]" *Fulton v. State of Ga.*, 183 Ga. App. 570, 572 (359 SE2d 726) (1987). Since appellant

and his counsel were not required to be present at the call of the calendar on January 5, the trial court abused its discretion when it dismissed appellant's appeal for failure to appear.

3. Attached to the brief of appellee is the affidavit of appellee's counsel with exhibits. However, a brief cannot be used for adding evidence to the record. Since we are required to base appellate review upon the evidence of record and not from the brief of either party, the affidavit of appellee's counsel has not been considered in rendering this decision. *Leathers v. Timex Corp.*, 174 Ga. App. 430 (1) (330 SE2d 102) (1985).

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 18, 1987.

*Tony L. Axam*, for appellant.
*James G. Maddox*, for appellee.