## A90A1297. PEACHTREE WINFREY ASSOCIATES v. GWINNETT COUNTY BOARD OF TAX ASSESSORS.
(398 SE2d 253)

COOPER, Judge.

This appeal arises from the dismissal with prejudice of a civil action.

Appellant filed an appeal to the superior court from a decision of appellee, the Gwinnett County Board of Tax Assessors. Following discovery, the trial court published an order scheduling the pre-trial conference for "Friday, January 31, 1990." Reference to a 1990 calendar reveals that January 31, 1990, fell on Wednesday instead of Friday. When appellant did not appear at the pre-trial conference, the trial court, upon motion of the appellee, dismissed with prejudice appellant's action for want of prosecution.

In three enumerations of error, appellant contends that the trial court erred in dismissing its action for want of prosecution. Appellant argues that the error in the scheduling order created confusion which resulted in its attorney's failure to appear at the pre-trial conference. "The authority of the trial court to dismiss plaintiff's complaint for failure to appear at a pretrial hearing is clearly established by [OCGA § 9-11-41 (b)] and *Weeks v. Weeks*, 243 Ga. 416 (254 SE2d 366)." *Turner v. T & T Oldsmobile*, 154 Ga. App. 228 (1) (267 SE2d 833) (1980). "An order of dismissal for failure to appear is discretionary with the trial court and is not subject to review by this court in the absence of an abuse of that discretion." *Cohutta Mills v. Bunch*, 166 Ga. App. 395 (2) (304 SE2d 431) (1983). Furthermore, "[w]e will not substitute our judgment for that of the trial court when there is no obvious or apparent abuse of discretion by the court in what clearly is a matter of discretion. [Cits.]" Id. Because appellant did not appear for the hearing and since there is no evidence in the record that appellant even inquired as to the dates specified in the order, we find no abuse of discretion in the dismissal of appellant's case.

OCGA § 9-11-41 (b) (1) as amended in 1982 provides that "[a] dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits." "Since a dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits, it follows that such a dismissal cannot be with prejudice." *Leach v. Aetna Cas. &c. Co.*, 172 Ga. App. 785 (324 SE2d 494) (1984), aff'd 254 Ga. 265 (330 SE2d 596) (1985). We find appellee's argument that a dismissal with prejudice was proper because appellant failed to comply with an order of court to be without merit. The trial court's order specifically stated that it was a dismissal for want of prosecution; therefore, the court had no authority to further direct that the dismissal operate with prejudice. Id. Accordingly, we reverse the order of dismissal entered by the trial court.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 10, 1990.

*James W. McKenzie, Jr.*, for appellant.
*Caryl B. Sumner, Richard A. Carothers*, for appellee.