A95A0377. WALLACE v. LAUGHLIN.
(459 SE2d 556)

BIRDSONG, Presiding Judge.

On February 1, 1994, the juvenile court dismissed this petition for modification of child custody for failure to prosecute and awarded attorney fees and costs to defendant Donna Laughlin f/k/a Donna Wallace. The trial court denied appellant's motion to set aside and motion to reconsider. We then granted appellant's application for discretionary appeal.

The record is not chronologically compiled according to acceptable form. In the circumstances of this case, however, we have elected to review it. The record shows this case was actively prosecuted by appellant Paul Wallace. He filed his petition on April 28, 1993, alleging, as material changes in circumstances, refusals of visitation rights by Laughlin, a pattern of harassment of him at his workplace wherein Laughlin would leave "irrational, vile, and often times obscene messages about [Wallace] and his wife at the business where they both work, including threats to kill [Wallace's] wife." Laughlin filed an answer and counterclaim and amended her counterclaim on November 9, 1993. The parties embarked on discovery and the attorneys conducted correspondence to resolve the parties' ongoing personal disputes, including Laughlin's repeated calls to Wallace's employer's "800" telephone number which provoked the employer and appellant to seek a restraining order against Laughlin, her alleged threats to commit suicide, and her denials of visitation.

On November 9, 1993, Judge Hearn, sitting as the trial court, set the case for trial on February 1, 1994. On November 11, 1993, appellant Paul Wallace's attorney filed a motion to require the parties to submit to psychological evaluations. On November 15, 1993, Judge Hearn signed an order requiring a certain psychologist to submit a comprehensive report of his findings and recommendations to the court. It appeared the psychological evaluations could not be scheduled by the psychologist until after the scheduled date for trial. On December 3, 1993, Wallace's attorney corresponded with Laughlin's attorney about this conflict. On January 12, 1994, Wallace's attorney inquired of the court whether a continuance had been granted. The trial court's clerk responded on January 21, 1994, that no motion for continuance had been filed with the court but the court would entertain such motion, "especially if these appointments need to be com-

pleted before the hearing. The hearing is on the court's calendar for Tuesday, February 1, 1994." On January 28, 1994, Laughlin's attorney filed a motion to modify the order requiring psychological examinations, asserting the right to cross-examine or depose the psychologist at the hearing. On January 28, 1994, Laughlin's attorney filed a request for production of documents. On February 1, 1994, Judge Costley, sitting for Judge Hearn, called the calendar and dismissed appellant's petition because neither he nor his attorney was present.

In his motion to set aside, Wallace showed that at the pretrial conference held by Judge Hearn in November 1993 and at the time he ordered psychological evaluations, Judge Hearn acknowledged that scheduling of the evaluations might require the case to be heard after February 1, 1994; that Judge Hearn subsequently advised the attorneys that the case would not be heard on February 1; and that the attorneys were advised by the clerk to wait for further instructions from the court. On February 1, 1994, the court clerk called Wallace's attorney, who advised the clerk that Judge Hearn had given a continuance. The attorney was then informed that Judge Hearn had suffered a stroke. Without Wallace's having an opportunity to be heard, his case was dismissed. *Held*:

1. Appellee's motion to dismiss the appeal is denied.

2. The record shows the February 1, 1994, hearing date had been set prior to the time the presiding judge, Judge Hearn, ordered the parties to submit to psychological evaluations. There is no evidence appellant's attorney was lax or lackadaisical about his responsibilities to attend court, and his prior diligence in attending to the case gives no reason to conclude he would knowingly or negligently fail to appear when he was expected. At worst, the record, judged from its own state of disorder, shows miscommunication and well-founded misunderstanding, compounded by the incapacitating illness of the trial judge familiar with the case. While Laughlin's attorney asserts that there is "no written documentation or any documentation at all to indicate that the case would be continued until after the February 1, 1994 calendar," he does not contend Wallace's attorney is untruthful in asserting his belief that a continuance had been given, nor does he assert that the substituting judge had ruled that he would proceed on a hearing without the psychological evaluation ordered by the trial judge who was familiar with the case. Particularly in so important a case as this, where the rights and well-being of the parties' children are at stake and the merits of the case deserve to be heard, it would subvert substance to form to dismiss the petition when appellant had prosecuted it diligently until the last misstep. The trial court abused its discretion in dismissing this case. See OCGA § 9-11-41 (b); *Mosley v. Lankford*, 244 Ga. 409 (260 SE2d 322); *Hancock v. Oates*, 244 Ga. 175 (259 SE2d 437); see also *Maolud v. Keller*, 153 Ga. App. 268 (265

SE2d 86).

Appellant's petition having been erroneously dismissed, it follows that the grant of attorney fees and costs to the opposing party must be vacated.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED MAY 17, 1995.

*Larry L. Duttweiler,* for appellant.
*Stephen L. Noel,* for appellee.

