A97A1579. ECTOR v. UNISON INSURANCE COMPANY.
(492 SE2d 287)

POPE, Presiding Judge.

Plaintiff James Ector appeals the trial court's dismissal of his action for failure to prosecute. Concluding that the court did not abuse its discretion, we affirm.

Plaintiff had an automobile insurance policy with defendant Unison Insurance Company. Defendant refused plaintiff's claim for damages allegedly resulting from a 1990 car accident, and plaintiff sued. In early January 1997, the trial court notified the parties that their case had been placed on a jury trial calendar for the week of February 18, 1997. On January 29, 1997, however, defendant requested a continuance, and plaintiff did not oppose this request. And on February 3, 1997, the court ordered the parties to file a pre-trial order within thirty days — a period which extended approximately two weeks beyond the scheduled trial date. Based on these developments, plaintiff assumed (without calling the court to check) that he did not need to appear at the call of the scheduled trial calendar, even though the court had not issued an order continuing the case. When he failed to appear for the calendar call on February 18, the trial court dismissed the case for want of prosecution. See OCGA § 9-11-41 (b); Uniform Superior Court Rule 14.

1. The calendar notice plaintiff received explicitly stated: "You are required to appear at 9:30 a.m. on Tuesday the 18th day of February." Nonetheless, plaintiff argues that he did not need to appear for the calendar call because his case was number twenty on the calen-

dar, and only the parties and attorneys for the first ten cases are required to appear. See USCR 8.4. Plaintiff misconstrues this rule. It does make appearance an absolute requirement only for the first ten scheduled cases. If the parties and attorneys in the other cases do not want to appear, however, they must contact the calendar clerk to obtain (a) a specific time and date for trial, or (b) permission to await a call from the calendar clerk giving them reasonable notice of when to appear for trial. As plaintiff in this case did not contact the calendar clerk, he was required to appear. Compare *Broadwater v. City of Danville*, 184 Ga. App. 886, 888 (2) (363 SE2d 316) (1987) (dismissal was abuse of discretion where case was number 11 on calendar and attorney informed court she was available on reasonable notice).

2. Plaintiff asserts that the trial court dismissed his case with prejudice, and that it abused its discretion in doing so. It is true that the court would have abused its discretion if it had dismissed the action with prejudice for failure to prosecute. See, e.g., *Bonner v. Green*, 263 Ga. 773 (438 SE2d 360) (1994); USCR 14. But the record does not support plaintiff's assertion that the trial court dismissed the action with prejudice: the order does not state that the dismissal was with prejudice, and OCGA § 9-11-41 (b) provides that all dismissals based on the plaintiff's failure to prosecute are without prejudice (i.e., they are not adjudications on the merits).

3. Thus, the remaining question for decision is whether the trial court abused its discretion in dismissing plaintiff's suit, without prejudice, for failure to appear at the calendar call. We conclude it did not. Although the circumstances of this case understandably gave rise to some confusion, it was plaintiff's responsibility to appear at the call or contact the court to clarify the status of the case in the absence of a continuation order. See *Peachtree Winfrey Assoc. v. Gwinnett County Bd. of Tax Assessors*, 197 Ga. App. 226 (398 SE2d 253) (1990); *Wallace v. Laughlin*, 217 Ga. App. 444, 445 (2) (459 SE2d 556) (1995) (reversing a dismissal for failure to prosecute as an abuse of discretion) is distinguishable, as there was evidence in that case that the court had orally continued the action, even though there was no written continuation order.

Relying on *Mosley v. Lankford*, 244 Ga. 409 (260 SE2d 322) (1979) and *Maolud v. Keller*, 153 Ga. App. 268 (265 SE2d 86) (1980), plaintiff contends a dismissal should not be based solely on absence, and the order in this case indicates it was. But *Mosley* and *Maolud* involved orders dismissing cases *with* prejudice (entered prior to November 1982, the effective date of an amendment to OCGA § 9-11-41 providing that all dismissals for failure to prosecute would be *without* prejudice), and therefore do not control here. See *Maolud*, 153 Ga. App. at 269 (quoting *Spyropoulos v. John Linard Estate*, 243 Ga. 518, 519 (255 SE2d 40) (1979)): "A dismissal *with prejudice* for

failure to prosecute should not be based solely on absence." (Emphasis supplied.)

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 15, 1997.

*Daryl V. Yokely,* for appellant.

*Goodman, McGuffey, Aust & Lindsey, William P. Claxton,* for appellee.