## A02A0585. FLOYD v. LOGISTICARE, INC.
### (566 SE2d 423)

JOHNSON, Presiding Judge.

In 1997, Terri Floyd entered into a contract with Automated Dispatch Solutions, Inc. to provide transportation services for Medicaid patients. In 1998, she sued Automated Dispatch Solutions' successor, Logisticare, Inc., for alleged breach of the contract. The lawsuit was removed from state court to federal district court, where Floyd voluntarily dismissed the action.

In 1999, Floyd again sued Logisticare for breach of contract. Logisticare counterclaimed for damages and attorney fees based on a clause in the contract which provides that the prevailing party in a dispute under the contract is entitled to such fees and related expenses. The trial court scheduled a peremptory calendar call for the case and notified Floyd and Logisticare to appear for the calendar call.

Floyd failed to appear at the calendar call, so the trial court dismissed her complaint for want of prosecution. Floyd's attorney moved the court to reinstate the complaint. She claimed that she had not appeared for the call because she was covering a matter in a different court for another lawyer, and because there had been a glitch in her system for keeping track of court appearance conflicts.

The trial court held a hearing on Floyd's motion to reinstate her complaint and on Logisticare's still-pending claim for attorney fees and expenses. After the hearing, the court denied Floyd's motion to reinstate and invited the parties to submit further briefs and affidavits on the issue of attorney fees. The court thereafter found that Logisticare is the prevailing party under the contract and awarded it attorney fees and expenses in the amount of $9,278. Floyd appeals.

1. Floyd contends that the trial court erred in denying her motion to reinstate her complaint. The contention is without merit.

Dismissal of an action for failure of the plaintiff to prosecute does not operate as an adjudication on the merits.[1] Such a dismissal is discretionary and is subject to appellate review for abuse of discre-

---

[1] OCGA § 9-11-41 (b).

tion.[2] Likewise, the denial of a motion to reinstate a dismissed action is discretionary.[3]

Floyd has not shown that the trial court abused its discretion. She makes no claim that she did not receive notice of the calendar call, only that her own conflict notification system failed. It was Floyd's responsibility to appear at the call or contact the court to clarify the status of the case.[4] Because she failed to fulfill her responsibility, the trial court had no obligation to reinstate her complaint and did not abuse its discretion in refusing to do so.[5] The trial court's denial of the motion to reinstate Floyd's claim is therefore affirmed.

2. However, the trial court did err in awarding attorney fees to Logisticare. The claim for attorney fees and the trial court's award were based on a clause in the contract which provides: "The prevailing party in any proceeding to resolve dispute or to enforce its rights under this Agreement shall be entitled to receive its reasonable attorney's fees and related out-of-pocket costs and expenses related to such proceeding in addition to any other relief it may be awarded."

Contrary to the finding of the trial court, Logisticare is not yet the prevailing party simply because Floyd's complaint has been dismissed, without prejudice, for lack of prosecution. The Supreme Court of Georgia has considered the meaning of the phrase "prevailing party" as used in various cases for purposes of recovering attorney fees and has found that the phrase requires some actual relief on the merits of a claim.

> Common to all the cases cited is the requirement that a claim for attorney fees be based on obtaining at least some of the relief sought. A succinct but thorough expression of that requirement was stated by the U. S. Supreme Court in establishing a standard for determining whether a plaintiff is a prevailing party for the purpose of seeking attorney fees in an action pursuant to 42 USCA § 1983: a plaintiff prevails when actual relief on the merits materially alters the legal relationship between the parties by modifying the defendant's behavior in any way that directly benefits the plaintiff.[6]

In the instant case, Logisticare has obtained no actual relief on the merits of either Floyd's claim or its counterclaim for damages.

---

[2] *Broadwater v. City of Danville*, 184 Ga. App. 886, 888 (2) (363 SE2d 316) (1987).

[3] *In re Anderson*, 171 Ga. App. 918, 919 (2) (321 SE2d 417) (1984).

[4] *Ector v. Unison Ins. Co.*, 228 Ga. App. 520, 521 (3) (492 SE2d 287) (1997).

[5] *In re Anderson*, supra.

[6] (Citations omitted.) *Magnetic Resonance Plus v. Imaging Systems Intl.*, 273 Ga. 525, 529 (3) (543 SE2d 32) (2001).

Rather, all that has happened is that Floyd's claim has been dismissed without prejudice, which of course means that there has been no adjudication on the merits.[7] Because Logisticare has not obtained relief on the merits, it is not the prevailing party, and therefore it is not entitled to attorney fees pursuant to the contract.[8] The trial court's award of attorney fees and expenses is therefore reversed.

*Judgment affirmed in part and reversed in part. Blackburn, C. J., and Miller, J., concur.*

DECIDED JUNE 10, 2002.

*Janise L. Miller*, for appellant.
*Browning & Tanksley, Jerry A. Landers, Jr.*, for appellee.

---

[7] See *Ector*, supra.
[8] See *Morris v. Morris*, 222 Ga. App. 617, 618 (1) (475 SE2d 676) (1996) (voluntary dismissal of action was not an adjudication of the merits, so defendant was not a prevailing party entitled to attorney fees).
[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[2] *State v. Winnie*, 242 Ga. App. 228, 229 (529 SE2d 215) (2000).