A05A0272. PALMER & CAY OF GEORGIA, INC. v. LOCKTON COMPANIES, INC. et al.

(643 SE2d 746)

ANDREWS, Presiding Judge.

This case is before us on remand from the Supreme Court of Georgia. The original case, *Palmer & Cay of Ga. v. Lockton Cos.*, 273 Ga. App. 511 (615 SE2d 752) (2005), was a declaratory judgment action filed by former employees of Palmer & Cay of Georgia, Inc. (P&C) seeking clarification of an employment contract signed by the individual employees and containing four restrictive covenants: two nonsolicitation of customers covenants, a nonsolicitation of employees covenant, and a nondisclosure covenant. The trial court struck down the two nonsolicitation of customers covenants as overbroad, but upheld the nonsolicitation of employees and nondisclosure covenants. We affirmed the trial court's order. Id. at 514.

The Supreme Court granted certiorari to determine whether this Court "correctly held that the covenant was unenforceable due to the lack of any restriction placed on the period of time during which the Employees had served P&C's customers." *Palmer & Cay of Ga. v. Lockton Cos.*, 280 Ga. 479, 480 (629 SE2d 800) (2006).

The covenant at issue stated:

[(1)] The Employee will not, in any way, directly or indirectly, except as an employee of the Company, solicit, divert, or take

away, or attempt to solicit, divert[,] or take away, the insurance or employee benefit plan business of any of the customers of the Company which were served by the Employee during the term of his employment with the Company, or any prospective customers of the Company which the Employee solicited for the Company within one year prior to his termination of employment, for the purpose of selling to or servicing for any such customer or prospective customer any insurance or employee benefit product or service which was provided or offered by the Company during his employment; and

[(2)] The Employee will not, directly or indirectly, cause or attempt to cause any of the foregoing customers or prospective customers of the Company to refrain from maintaining or acquiring from or through the Company any insurance or employee benefit plan product or service which was provided or offered by the Company during his employment, and will not assist, directly or indirectly, any other person or persons to do so. . . .

This Court affirmed the trial court's holding that the above clause was overbroad because it prohibited Employees from contacting customers of the company, regardless of how long it had been since they sold to these customers and regardless of whether the customer had severed its relationship with the company. *Palmer & Cay*, 273 Ga. App. at 513-514. The Supreme Court held that this clause did not include former customers but only current, existing clients, and therefore was not overbroad. *Palmer & Cay*, 280 Ga. at 482. Accordingly, the Supreme Court reversed our decision holding that the restrictive covenant was not enforceable. Therefore, we vacate our opinion in *Palmer & Cay of Ga. v. Lockton Cos.*, 273 Ga. App. 511, and make the judgment of the Supreme Court the judgment of this Court.

Because the trial court found the nonsolicitation agreement to be overbroad for three reasons and we considered only the lack of restriction for the period of time during which the Employees served the customers, the Supreme Court remanded the case to this Court for consideration of the other two grounds in the trial court's order. *Palmer & Cay*, 280 Ga. at 484.

In reviewing the trial court's ruling, we note that "[w]hether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court." *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (422 SE2d 529) (1992). And, on appeal, this Court reviews rulings on questions of law de novo. *Tachdjian v. Phillips*, 256 Ga. App. 166, 168 (568 SE2d 64) (2002).

Georgia courts have traditionally applied close scrutiny to employment contracts containing restrictive covenants and have upheld them only when the covenant is strictly limited in time, territorial effect, and activities prohibited. *Beckman v. Cox Broadcasting Corp.*, 250 Ga. 127, 129 (296 SE2d 566) (1982). Further,

> [w]hile a contract in general restraint of trade or which tends to lessen competition is against public policy and is void (1983 Ga. Const., Art. III, Sec. VI, Par. V (c); OCGA § 13-8-2), a restrictive covenant contained in an employment contract is considered to be in partial restraint of trade and will be upheld if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public. Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court which considers the nature and extent of the trade or business, the situation of the parties, and all other circumstances. A three-element test of duration, territorial coverage, and scope of activity has evolved as a helpful tool in examining the reasonableness of the particular factual setting to which it is applied.

(Citations and punctuation omitted.) *W. R. Grace & Co.*, supra at 465.

The other two grounds on which the trial court found the covenant to be overbroad were: (1) it prohibited the employees from servicing or selling to a client of the company a product that the employee never sold or serviced while employed by the company; and (2) it prohibited the employee from servicing or selling to the company's clients a product that the company may no longer offer.

Employees argued that they were commercial insurance brokers and did not sell employee benefit coverage or personal insurance to their customers. They also claimed that the covenant was overbroad in that it prohibited them from selling services no longer offered by P&C.[1]

---

[1] We note that with regard to this latter argument, although Employees claim that P&C has discontinued selling and servicing certain products, this statement is not supported by any citation to the record. Statements in briefs are not evidence and it is not the function of this Court to cull the record on behalf of a party. *Sharp v. Greer, Klosik & Daugherty*, 256 Ga. App. 370, 372 (568 SE2d 503) (2002). P&C points out, on the other hand, that there is deposition testimony that the company has not completely discontinued selling any product that was sold during Employees' period of employment.

In looking at whether the covenant was overbroad in the scope of activities prohibited, we determine the reasonableness of the restricted activity by "look[ing] to its nature and to whether it affects the business interests of the employer." *Watson v. Waffle House*, 253 Ga. 671, 673 (324 SE2d 175) (1985). Restrictive covenants "exist to protect the employer's interest in property, confidential information, customer goodwill, business relationships, and other economic advantages the employer has earned for the business over the years." *Albany Bone & Joint Clinic v. Hajek*, 272 Ga. App. 464, 467 (612 SE2d 509) (2005). Further,

> the employer has a protectible interest in the customer relationships its former employee established and/or nurtured while employed by the employer (see *Orkin Exterminating Co. v. Walker*, 251 Ga. 536[, 538] (2) (307 SE2d 914) (1983)), and is entitled to protect itself from the risk that a former employee might appropriate customers by taking unfair advantage of the contacts developed while working for the employer.

*W. R. Grace & Co.*, supra at 466.

This covenant is similar to the one upheld in *W. R. Grace* providing that for a period of 18 months, an employee shall not solicit a customer of Dearborn's, the former employer,

> with a view to sale or providing of any product, equipment or service competitive or potentially competitive with any product, equipment or service sold or provided or under development by Dearborn during the period of two years immediately preceding cessation of Employee's employment with Dearborn, provided that the restrictions set forth in this section shall apply only to customers or prospects of Dearborn, or representative of customers or prospects of Dearborn, with which Employee had contact during such two-year period.

*W. R. Grace & Co.*, supra at 464.

The covenant at issue in the instant case provides that for two years after termination of his employment, the employee may not solicit from any of the customers the employee served, the insurance or employee benefit plan business that was offered by the company while he was employed there. Employees are not prohibited from soliciting any customers of P&C, only those current customers that employee served during his employment. Nor are they prohibited from selling any product or service to these customers, but only

insurance or employee benefit plans that were offered by the company during their employment. As P&C points out, under *W. R. Grace*, the products need not be identical to the ones sold by Employees during their time with the company, but can be products that are "competitive or potentially competitive" with those sold by the company. *W. R. Grace & Co.*, supra at 464.

Accordingly, for the reasons discussed above, we conclude that the covenant is sufficiently limited in scope and is reasonably designed to protect P&C from the risk that Employees might appropriate its customers by taking unfair advantage of relationships developed while employed at P&C. *Smith v. HBT, Inc.*, 213 Ga. App. 560, 562 (445 SE2d 315) (1994).

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 19, 2007 —
RECONSIDERATION DENIED MARCH 14, 2007 — 

*Littler Mendelson, Charlotte K. McClusky, Scott A. Forman, Eric K. Smith*, for appellant.

*Parker, Hudson, Rainer & Dobbs, Ronald T. Coleman, Jr., Paul, Hastings, Janofsky & Walker, William K. Whitner, Rogers & Hardin, Hunter R. Hughes III, Ashley R. Hurst*, for appellees.

