**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 20, 2014**

# In the Court of Appeals of Georgia

A13A2446. GALARDI et al. v. CITY OF FOREST PARK.

RAY, Judge.

Jack Galardi, Red Eyed, Inc. d/b/a Crazy Horse Saloon, Walleye, LLC, Mia Luna, Inc. d/b/a Pink Pony South and JGP&P, LLC (collectively, Appellants) appeal from the trial court's dismissal of their complaint for want of prosecution. Finding no abuse of discretion, we affirm.

OCGA § 9-11-41 (b) allows the trial court to dismiss a plaintiff's case without prejudice when there has been a "failure of the plaintiff to prosecute or to comply with this chapter or any order of the court. . . ."[1] A dismissal without prejudice for

---

[1] See also Uniform Superior Court Rule 14 (providing that "[o]n its own motion or upon motion of the opposite party, the court may dismiss without prejudice any civil action . . . upon the failure to properly respond to the call of the action for trial or other proceeding. . . .").

failure of the plaintiff to prosecute "does not operate as an adjudication upon the merits," OCGA § 9-11-41 (b), and such a dismissal by the trial court for failure to prosecute "is discretionary . . . and is not subject to review by this [C]ourt in the absence of an abuse of that discretion." (Citation and punctuation omitted.) *Peachtree Winfrey Assocs. v. Gwinnett County Bd. of Tax Assessors*, 197 Ga. App. 226, 226 (398 SE2d 253) (1990). With these guiding principles in mind, we now turn to Appellants' enumerations of error.

1. In their first enumeration of error, Appellants argue that the trial court erred in dismissing their case for want of prosecution because their legal counsel was present at the trial court's peremptory calendar on May 10, 2013, announced ready for trial, and filed a Notice of Stipulation to Active List on that same day. In their appellate brief, Appellants contend that the trial court's Notice of Peremptory Calendar Call "instructed parties to stipulate to the active list within ten (10) days of May 10, 2013 or the case will be dismissed without prejudice[,]" and that because they filed such notice, the trial court's dismissal was in error. The appellate record shows that the Appellants did, in fact, file a Notice of Stipulation to the Active List; however, the record contains neither the referenced trial court's Notice of Peremptory Calendar Call (and its requirements for complying with the trial court's orders) nor

2

a transcript of the peremptory calendar proceedings.[2] The trial court's order, however, does not provide any specifics as to why it dismissed the case without prejudice for want of prosecution.

Because the Appellants did, in fact, file a Notice of Stipulation to Active List with the trial court and because the trial court's order is silent as to why it dismissed the case for want of prosecution, we vacate the trial court's order and remand the case to the trial court. In doing so, we direct the trial court to file a new order explaining the basis of its dismissal without prejudice for want of prosecution. We also direct parties to arrange for any relevant documents that do not currently exist in the record to be filed with the trial court's clerk's office so that the issue can be properly dealt with should a subsequent appeal arise.

2. In light of our holding in Division 1, we need not address the Appellant's remaining enumerations of error.

3. Appellee's motion to dismiss the appeal is denied.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Miller, J., concur.*

---

[2] We note that in some jurisdictions it is not typical for a peremptory calendar proceeding to be transcribed nor is it typical for a trial court to file a notice of peremptory calendar call in the record.