## 50323. SCHERMERHORN v. GREATER DeKALB PLUMBING & REPAIR COMPANY.

STOLZ, Judge.

This appeal by the defendant property owner from the denial of his motion for summary judgment (certified for review) in the plaintiff's action to foreclose a mechanic's lien, raises the question of whether the affidavit of the plaintiff's officer, properly construed together with the other showing on the motion, particularly the affiant's earlier deposition, was sufficient to raise a genuine issue of material fact as to the timeliness of the filing of the lien and the commencement of the action as provided in Code Ann. § 67-2002 (2, 3), as amended.

As a *deponent,* the officer deposed, in effect, that although he *thought* the work had been *substantially* completed beyond the 3-month and 12-month limits of § 67-2002, there *may* have been some details to be finished

*within* the time limits. As an *affiant,* he swore affirmatively that he personally, as an employee of the plaintiff, performed services on the property *within* the statutory time limits. *Held:*

" 'Where the evidence on a motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and of all favorable inferences and such evidence construed most favorably to the party opposing the motion.' *Word v. Henderson,* 220 Ga. 846, 848 (142 SE2d 244); *Cooper v. Plott,* 226 Ga. 647 (177 SE2d 82).

"The rule construing the evidence most favorably to the party opposing the motion for summary judgment applies to the testimony of that party *even though the testimony may be vague and contradictory. Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866)." (Emphasis supplied.) *Jordan v. Ailstock,* 230 Ga. 67, 70 (195 SE2d 425).

The deposition and the affidavit are probably reconcilable in that the former recognizes the *possibility* of work within the statutory time limits, and the latter affirms the fact of such work. Even if the plaintiff's evidence is ambiguous, doubtful, vague, or even contradictory, however, giving it, as the party opposing the motion, the benefit of all reasonable doubts and of all favorable inferences and construing such evidence most favorably to it, as we must do, it was sufficient to raise a genuine issue of material fact for resolution by a jury, who will be the judges of the credibility of the witnesses, as well as of the other evidence.

The trial judge did not err in denying the defendant's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 25, 1975 — DECIDED APRIL 8, 1975.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman,* for appellant.

*Charles M. Lipman,* for appellee.