## 59223. TAHOE CARPET INDUSTRIES, INC. v. AETNA BUSINESS CREDIT, INC.

McMURRAY, Presiding Judge.

Aetna Business Credit, Inc. maintained a factoring arrangement with Chem-Tech Finishers, Inc. and Midway Textiles, Inc. Accounts receivable generated by these businesses in the normal course of their business were assigned to Aetna. Those of Chem-Tech Finishers, Inc. which were stamped assigned stated thereon that "Notice must be given of any merchandise returns or claims for shortage non-delivery or for other grounds" as Aetna was the owner thereof. The account of Midway Textiles, Inc. had a notice of assignment stamped thereon that payment other than to the factor does not constitute

payment and any objections to the bill or its terms "must be reported to factor within 10 days after its receipt." The accounts receivable of these two businesses assigned to Aetna were with reference to goods sold to Tahoe Carpet Industries, Inc. generally between August, 1978, and September, 1978. In addition, Tahoe Carpet Industries, Inc. executed a check dated 10/05/78 in the amount of $5,841.33, payable to Midway Textiles, Inc./Aetna Business Credit, Inc. This check was returned on more than one occasion to the depositor, Aetna Business Credit, Inc., stamped "NSF" (not sufficient funds).

Tahoe Carpet Industries, Inc. admits that in 1978 it had a contractual agreement with Chem-Tech Finishers, Inc. for dying and backing of carpeting. It contends, however, that there were 29 rolls of carpet shipped from September 1, 1978 to September 14, 1978, and that Chem-Tech, when it completed the dying of several rolls, would submit its invoice to Tahoe even though it still had Tahoe's carpeting. It would then back the carpet, already dyed, and ship the carpet back to Tahoe and submit its invoice to Tahoe for backing. It admitted that such invoices sent by Chem-Tech to Tahoe showed that it had been assigned to Aetna. It contends, however, that this was only a partial assignment of the total obligation of Chem-Tech to dye and back all 29 rolls and Tahoe to pay for such services; that there were shortages and that the value of these shortages, based upon $3.25 per square yard, totaled $3,776.50.

As to Midway Textiles, Inc., Tahoe admitted the purchase of 4,028.5 pounds of yarn used in the manufacture of carpet received on or about August 31, 1978, the invoices having been received on or about September 5, 1978. It contends, however, that the yarn was defective, that it was not possible to use the yarn, and it had requested shipping instructions for the return of the defective yarn. It admits that it had its bookkeeping service issue a check in the sum of $5,841.33, but it had instructed the bookkeeping service to hold the check because the yarn was unusable. However, the check was inadvertently mailed on or about December 11, 1978, contrary to the express instructions to hold the check which it did not intend should be mailed without

resolving its claim for the defective yarn. The yarn is still in its possession waiting receipt of shipping instructions which it has never received.

Failing to receive payment, Aetna Business Credit, Inc. sued Tahoe Carpet Industries, Inc. for the products or services rendered with reference to the carpet products, the invoices of which had been assigned to it by both Chem-Tech Finishers, Inc. and Midway Textiles, Inc., as well as for the amount of the check which it alleges was twice dishonored and returned to plaintiff marked "NSF." It sought judgment for the amount of $8,418.75, plus accrued interest and for reasonable attorney fees.

The defendant answered admitting only jurisdiction but otherwise denying the claim in its entirety.

Thereafter, the plaintiff moved for partial summary judgment based upon all pleadings, documents and exhibits on file, and upon the affidavit of one of its officers (a credit officer) deposing that plaintiff is the owner of the invoices by assignment, that it has received no funds in payment of these accounts, that it has received no written notice from the defendant of any merchandise returned, claims of shortages, or any other grounds of dissatisfaction with the goods acknowledged to have been received by defendant, that it did receive the check in the amount of $5,841.33 given by defendant in payment of its open account with Midway Textiles, Inc., said check having been returned dishonored and marked "NSF," and that it had advanced money for the check against the account receivable owed by the defendant which had been assigned to it and that it had an honest belief that suitable goods had been shipped to defendant as evidenced by the invoice.

Defendant, however, responded to the motion for partial summary judgment by affidavit of one of its officers deposing in favor of its position shown above claiming there were shortages as to the dyed and backed carpet in the amount of $3,776.50 and that it had received yarn in the amount of $5,841.33 as shown on the invoices but same was defective; that it had contacted Midway requesting shipping instructions for return of the defective yarn and as stated above it had notified its bookkeeping service to hold the check but that same was

"inadvertently mailed," and that it "never intended to issue this check without resolving its claim for defective yarn."

On July 10, 1979, the motion for partial summary judgment came on for hearing, and the trial court stated that the defendant "having failed to make appearance" its response was "stricken by the Court" and it thereafter granted a partial summary judgment of $8,418.75. Defendant appeals. *Held:*

1. Defendant's first enumeration of error contends that the trial court erred in failing to read and consider a deposition of its agent which was cited and relied upon by both plaintiff and defendant in support of and in opposition to the motion for partial summary judgment. The Supreme Court in *General Motors Corp. v. Walker,* 244 Ga. 191, 193 (259 SE2d 449) held "[i]f a trial court indicates in his order granting a motion for summary judgment that the motion is being granted after a review of the record, this court will not hold that he failed to review the relevant portions of a deposition simply because the original of the deposition on file in the case remained sealed and was not opened until after the order granting the motion was entered." In the case sub judice it is noted there was no such indication or expression in the trial court's "order granting . . . [the] . . . motion for summary judgment" that there was "a review of the record." However, we find no deposition in the record before us and have no definite knowledge as to whether any such deposition was ever taken or cited and relied upon since it was not shown as filed with the court or considered. We know of no Georgia decision holding that the trial court must consider a deposition that is not a part of the record for review, although the court must consider all pleadings, depositions, answers to interrogatories, and admissions *on file,* together with affidavits, if any. See *Realty Contractors v. C. & S. Nat. Bank,* 146 Ga. App. 69, 70 (245 SE2d 342). Compare *Thompson v. Abbott,* 226 Ga. 353 (1) (174 SE2d 904); *Walker v. General Motors Corp.,* 149 Ga. App. 524 (254 SE2d 871), reversed in *General Motors Corp. v. Walker,* 244 Ga. 191, supra; *Jackson v. Couch Funeral Home,* 131 Ga. App. 695 (206 SE2d 718). Here the notice of appeal clearly required the trial court

clerk to "omit nothing from the record on appeal" except the "transcript of the evidence and proceedings."

2. Plaintiff's argument with reference to the second enumeration of error in which the trial court allegedly erred in striking defendant's response filed in opposition to the motion for partial summary judgment is that the three minute rule should control since the hearing of a motion for summary judgment is an abbreviated trial. However, we find nothing in Code Ann. § 81A-156 (Section 56 CPA) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759) which authorizes the dismissal of a response in the form of affidavits and brief in opposition to a motion for summary judgment. The Civil Practice Act is in derogation of the common law and must be strictly construed and followed. It is quite clear that Rule 41 of the trial courts, Code Ann. § 24-3341, formerly § 24-3320, applies to the sounding of cases for trial and not to the calling of a motion for summary judgment. The trial court erred in striking the "Defendant's Response" (opposing affidavits) and brief in opposition to plaintiff's motion for partial summary judgment filed in the lower court.

3. The defendant here has denied the claims of the plaintiff based upon the check and the assigned invoices. The burden of proof to show that there is no genuine issue of material fact rests on the party moving for summary judgment and all evidence and materials submitted must be construed most strongly against the movant. *Giant Peanut Co. v. Carolina Chemicals, Inc.,* 129 Ga. App. 718, 719 (1) (200 SE2d 918); *Ringer v. Lockhart,* 240 Ga. 82, 83 (239 SE2d 349); *Schermerhorn v. Greater DeKalb Plumbing &c. Co.,* 134 Ga. App. 517, 518 (215 SE2d 282); *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 6-7 (2) (126 SE2d 442). Issues of material fact remain as to whether or not the plaintiff should recover in this case, consequently, the trial court erred in granting the motion for partial summary judgment.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 16, 1980 — DECIDED FEBRUARY 6, 1980.

*R. Britt Harris, Jr.,* for appellant.

*C. Edward Dobbs, Ruth A. Knox,* for appellee.