## 62133. HOLT v. BRAY et al.

BANKE, Judge.

The plaintiff was injured when the front end of his pickup truck collapsed in a motor vehicle accident. Prior to the accident he had taken his truck to Pritchard's Paint and Body Shop for repairs, and Pritchard's had in turn sent the car to Bray's Auto Alignment Service for work on defective springs. Both Bray and Pritchard were named

as defendants. By amendment to his complaint, the plaintiff alleged that Pritchard had guaranteed Bray's work and had failed to test the truck before returning it to the plaintiff. The plaintiff filed an affidavit in support of the amendment, stating that Pritchard had refused his request to road test the truck, assuring him that such a test was unnecessary. Pritchard moved for summary judgment, and in his affidavit stated that Bray was a subcontractor over whom he had no control and generally denied any negligence on his own part. This appeal is from the trial court's order striking both the amendment to the complaint and the plaintiff's supporting affidavit for lack of prosecution and granting summary judgment on behalf of Pritchard.

Pritchard contends that the trial court's order was a dismissal, based upon Code Ann. § 81A-141 (b), for failure to file a brief as directed by the trial court. Neither the court's order nor anything else in the record supports this contention. The plaintiff on the other hand contends that the dismissal was based on the 3-minute rule. (Code Ann. § 24-3341). *Held:*

The language of the court's order and the fact that it was entered when plaintiff's counsel failed to appear for argument concerning summary judgment support the plaintiff's contention. "[W]e find nothing in Code Ann. § 81A-156 . . . which authorizes the dismissal of a response in the form of affidavits . . . in opposition to a motion for summary judgment. The Civil Practice Act is in derogation of the common law and must be strictly construed and followed. It is quite clear that Rule 41 of the trial courts . . . applies to the sounding of cases for trial and not to the calling of a motion for summary judgment. The trial court erred in striking the [plaintiff's] response (opposing affidavit) . . . in opposition to . . . [the defendant's] . . . motion for . . . summary judgment. . . ." *Tahoe Carpet Industries, v. Aetna Business Credit,* 153 Ga. App. 317, 321, (265 SE2d 116) (1980).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 23, 1981.

*Charles E. Muskett,* for appellant.
*Clifford E. Hardwick IV, James S. Strawinski,* for appellees.