68475. HYMAN v. AIKEN.
(324 SE2d 733)

McMURRAY, Chief Judge.

In the state court below this case came on for a non-jury trial after having been regularly published on the trial calendar. The plaintiff announced ready, but counsel for defendant was not present. Certain requests for admissions had been made by the plaintiff and had not been answered by the defendant. No motion to secure the withdrawal of same was ever made.

The trial calendar was called at 9:00 a.m. and this case was postponed by the trial court until 1:00 p.m. as counsel for defendant notified the court he could not appear until that time (1:00 p.m.) since he was in the superior court of another county. Defendant's counsel did not appear at 1:00 p.m., and the court proceeded to hear other cases until 3:00 p.m. when the court attempted to locate defendant's counsel to no avail. At 3:30 p.m. counsel for the defendant advised plaintiff's counsel by telephone he was on the way to court, but he never appeared. At 7:30 p.m. the trial court again called this case as the last

case on the calendar and as neither defendant nor his counsel were present the answer was stricken. After hearing testimony the court granted judgment in favor of plaintiff, including attorney fees.

The defendant appeals (without any transcript, none having been made) contending error in that counsel had announced ready and made contact with the court and it was error to enter judgment against the defendant. Defendant further contends it was error for the court to call the case for trial after only 37 days had lapsed since the defendant had answered the suit. *Held*:

1. The defendant argues that there was a forfeiture and cites cases holding that forfeitures are not favored. The trial court did not grant a forfeiture but after two postponements during the day waited until 7:30 p.m., called the case for trial and when neither defendant nor his counsel were present, struck defendant's answer and allowed plaintiff to present his case. Based upon the evidence presented by the plaintiff, the court entered judgment against the defendant. This was not error. See *Rakestraw v. Hamby*, 115 Ga. App. 868, 870 (2) (156 SE2d 308); *Jones v. Christian*, 165 Ga. App. 165 (300 SE2d 1); *Martin v. Foxboro Co.*, 149 Ga. App. 719, 720 (2) (256 SE2d 34). See also former Code Ann. § 24-3341 (Rule 41, Rules of the Superior Court). Compare *Leach v. Aetna Cas. &c. Co.*, 172 Ga. App. 785 (___ SE2d ___) (in which plaintiff's complaint was erroneously dismissed with prejudice for failure to appear pursuant to OCGA § 9-11-41 (b)). There is no merit in this enumeration of error.

2. As the trial court has a broad discretion concerning the use of and the limitation of discovery and there was no motion here for discovery the trial court did not err in allowing the case to proceed to trial, the same having been duly published as the court so stated. See *Partain v. Mayor & Council of Royston*, 246 Ga. 297 (271 SE2d 201). We find no merit in the remaining enumeration of error.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 13, 1984 —
REHEARING DENIED NOVEMBER 26, 1984.

*Hill R. Jordan*, for appellant.
*Robert P. Hein*, for appellee.