*Joe H. Bynum, Jr.*, for appellee.

75118. ANDERSON v. MATICH et al.
(366 SE2d 300)

BIRDSONG, Chief Judge.

Gail Anderson, purchaser of a house, sued the sellers Victor Matich and Rosalie Matich (now DeFlorio), the real estate agents (Harry Norman Realtors) and the inspection service hired by purchaser (Home Buyers Inspection Service, Inc., and Joe Morris), for knowingly representing the house had been re-roofed when it had not, and for so negligently inspecting the house as to inflict a fraud. Anderson bought the house and contends as a result of the fraud she was damaged.

Matich and DeFlorio represented themselves pro se and denied having made any false representations, contending narratively that in fact they did have (or attempted to have) the house re-roofed in March 1982 and that it had then been inspected as re-roofed so as to qualify for a re-financing.

In June 1985, Anderson executed to Harry Norman Realtors a "release and covenant not to sue" in consideration of $750. In July, Anderson dismissed that party with prejudice. In August, Anderson filed a motion for partial summary judgment against Matich and DeFlorio (specifically excepting Home Buyers Inspection Services, Inc., and Joe Morris).

Matich and DeFlorio were not present at the summary judgment hearing in November 1985. The trial court, in its order, granted a partial summary judgment and ruled "that no response or appearance have [sic] been made by defendants [Matich and DeFlorio], plaintiff's motion as to them is hereby granted."

The listing service, Home Buyers Inspection Service, Inc. and Joe Morris were dismissed with prejudice as defendants in March 1986. On September 16, 1986, a jury rendered a verdict against Victor Matich and Rosalie Matich (now DeFlorio) for $10,000 actual damages, $5,000 punitive damages and $4,162.25 attorney fees.

On September 24, 1986, the appellees, Matich and DeFlorio hired an attorney, who filed a motion for new trial or judgment notwithstanding the verdict, and motion to vacate the partial summary judgment. By this and accompanying affidavits, Matich and DeFlorio asserted they had not received notice of the summary judgment hearing and, having otherwise diligently attended their case, would have been at the hearing if they had known of it. Further, they contended, among other arguments, that all alleged joint tortfeasors were released by the release plaintiff executed in favor of Harry Norman

Realtors, under the Georgia rule that a release of one is a release of all, which release had evidently inured to the benefit of Home Buyers Inspection Service and Joe Morris.

The trial court ultimately ruled: "1) The summary judgment granted against defendants Victor Matich and Rosalie Matich on November 1, 1985 was granted without considering the pleadings on file at that time; 2) Had the court considered the pleadings prior to granting said motion for summary judgment, the court would have found that plaintiff took a release from co-defendants, and the court would not have granted plaintiff's motion for summary judgment because a release against one joint tortfeasor is also a release against all joint tortfeasors; 3) Therefore, the summary judgment granted November 1, 1985 . . . against defendants Victor Matich and Rosalie Matich is hereby set side and vacated, and as a result the jury verdict for damages amount only rendered September 16, 1986 is also vacated and set aside, . . ."

On appeal, plaintiff Anderson contends the trial court erred in vacating the partial summary judgment, in response to a motion filed after final verdict and judgment had been entered; erred in considering the appellees Matich's and DeFlorio's post-trial motion when they had not interposed any objection before the partial summary judgment granted, and erred in overturning the jury verdict by ruling that a release granted to one defendant in the action released these appellees. *Held*:

1. The appellees' motion to dismiss this appeal is denied.

2. The arguments of all the parties are extensively taken up with whether and in what circumstances the trial court can reach behind a verdict and judgment and reverse a prior summary judgment; and the plaintiff appellant furthermore contends that even if the trial court could do so in this case, the action taken was wrong inasmuch as under *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417), the release of Harry Norman Realtors did not effect the release of other defendant tortfeasors.

The trial court has authority in the same term as the jury verdict, or thereafter when it is ruling on a motion for new trial, to set it aside on the motion for new trial. The trial court's powers to modify a judgment for any meritorious reason while it is still in the breast of the court are legendary. *Goode v. O'Neal, Banks & Assoc.*, 165 Ga. App. 162 (300 SE2d 191); *McCullough v. Molyneaux*, 163 Ga. App. 352, 353 (294 SE2d 560). The attack in this case was upon the jury's verdict for damages (see *Sunn v. Mercury Marine*, 166 Ga. App. 567, 568 (305 SE2d 6)), which verdict was found upon the assumption that the appellees were liable as a matter of law. In fact, however, the appellees were not liable as a matter of law but had been found liable by a grant of summary judgment based solely upon the appellees' failure

to appear at the summary judgment hearing. The trial court was not authorized to grant summary judgment to the plaintiff solely because the defendants did not appear at the summary judgment hearing. *Hold v. Bray*, 159 Ga. App. 43 (282 SE2d 693). The trial court stated, both in the summary judgment grant and in the vacating of it upon defendants' motion for new trial, that it did not examine the pleadings, i.e., the record; these recitations are conclusive as to the fact that the trial court did not examine the merits of the summary judgment based upon the record. *Vaughn &c. Co. v. Saul*, 143 Ga. App. 74, 80 (5) (237 SE2d 622); see *General Motors Corp. v. Walker*, 244 Ga. 191 (259 SE2d 449). In fact, the record showed very clearly, particularly by the defendants' detailed, specific verified answers (see *Harrison v. Harrison*, 159 Ga. App. 578 (284 SE2d 83); *Foskey v. Smith*, 159 Ga. App. 163 (283 SE2d 33)) that issues of fact remained as to whether the house had been re-roofed, whether the roof was known to be defective and whether the defendants had ever represented otherwise. OCGA § 9-11-56 (c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Stone Mountain Mem. Assn. v. Herrington*, 225 Ga. 746 (1) (171 SE2d 521). Based upon the record of this case, the plaintiff was not entitled to summary judgment, whether defendants were present at the hearing or not.

This case came to us in the posture of a grant of partial summary judgment, followed by a verdict, which was then set aside. The defendants as of right may appeal a summary judgment when it is granted or may appeal the summary judgment *after final judgment*. *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242 (248 SE2d 641); *Ramseur v. American Mgt. Assn.*, 155 Ga. App. 340 (270 SE2d 880). There is no rule of law that says the trial court, while the case is still in its breast during the same term or after, may not reach behind the verdict and vacate the early erroneous summary judgment on a timely motion for new trial. The trial court, having discovered that its early grant of summary judgment to plaintiff on the question of liability for fraud was in error, was correct in vacating it as well as the damages verdict based upon it.

3. However, the trial court erred in dismissing the plaintiff's complaint with prejudice, instead of granting defendants a new trial. Although the plaintiff was not entitled to summary judgment against the defendants, neither were the defendants entitled to an abbreviated judgment. Under the Supreme Court's ruling in *Posey*, supra, and some of the statements made in it, it would seem that the release did not as a matter of law effect a release of these appellees. There-

fore, the trial court erred in dismissing the appellant's complaint with prejudice.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 13, 1988 —
REHEARING DENIED FEBRUARY 26, 1988.

*James Y. Rayis*, for appellant.
*Tony Center*, for appellees.