*Deborah M. Perlis, Assistant District Attorneys*, for appellee.

A89A2209. MASSENGALE et al. v. MOORE.
(390 SE2d 439)

BANKE, Presiding Judge.

This is an appeal from an order dismissing for want of prosecution a personal injury action filed against the appellee by the appellants. The dismissal order states that the case was "called for the purpose of considering pending motion of defendant for enforcement of a settlement agreement or, in event that said motion had been denied, for trial on its merits." The court determined that the case should be dismissed for want of prosecution for the stated reason that, after the defense had "announced its readiness and willingness to proceed," appellant's counsel, "without proper authority or permission of the court . . . voluntarily left the courtroom, thus indicating her intention not to prosecute her case, respond to defendant's motion, or otherwise present any matter to the court." *Held*:

1. The appellant has moved this court to supplement the record on appeal through the inclusion of a transcript of the proceedings in the trial court. However, the clerk of the lower court has certified to this court that no such transcript was ever filed in that court. The burden is on the complaining party to have the record completed in the trial court in accordance with the provisions of OCGA § 5-6-41 (f). See *Campbell v. Crumpton*, 173 Ga. App. 488 (326 SE2d 845) (1985); *Gibbs v. Browning*, 172 Ga. App. 76 (321 SE2d 813) (1984). The appellant's motion is accordingly denied.

2. Under the unusual circumstances of this case, as revealed by the court's order and by other portions of the record, we hold that dismissal of the appellant's complaint was not authorized and that the appropriate course of action for the trial court to have taken in the face of appellant's counsel's refusal to proceed was simply to grant the relief sought by the appellee-defendant, which was the enforcement of the settlement agreement reached by the parties. We accordingly reverse the judgment of the trial court and remand the case with direction that judgment be entered in favor of the appellant in the amount of $9,000 which is the amount of the settlement the appellee was seeking to enforce.

*Judgment reversed and case remanded with direction. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 25, 1990.

*Sherry L. Stenson*, for appellants.

*Allen C. Levi*, for appellee.