**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 19, 2020**

# In the Court of Appeals of Georgia

A20A0212. DENNEY et al. v. CRENSHAW.

RICKMAN, Judge.

Following the dismissal of Charlene Denney's[1] case for want of prosecution for failing to appear at oral argument on Jason Crenshaw's motion to reconsider the denial of his motion for summary judgment, she appeals. On appeal, Denney contends that the trial court erred by dismissing her case due to her counsel's failure to appear. For the following reasons, we reverse the judgment.

This is not the first appearance of this case in this Court. In a prior appeal, we granted Crenshaw's application for interlocutory review of the denial of his initial motion for summary judgment on official immunity grounds. After this Court

---

[1] Charlene Denney sued Crenshaw both individually and as executor for the Estate of Dickie Lynn Denney. We refer to Charlene Denney and the Estate of Dickie Lynn Denney collectively as "Denney" throughout the opinion.

reviewed the entire record, however, it "determined that the law and evidence adduced authorized the findings and conclusions made in support of the trial court's decision" and dismissed the appeal. See *Crenshaw v. Denny et al.*, (Case No. A17A1527, decided December 29, 2017).

Following the remittitur, Crenshaw filed a motion for reconsideration again raising an official immunity defense. It appears from Crenshaw's motion that a new trial court judge had been assigned to the case, and Crenshaw stated in his motion "it is important for the [c]ourt to come to its own independent conclusion rather than simply relying on and adopting [the previous judge's] order." Denney filed two written responses to Crenshaw's motion. Notwithstanding Denney's written opposition to Crenshaw's repetitive motion, after Crenshaw moved to dismiss the case, the trial court granted the request for dismissal for want of prosecution pursuant to OCGA § 9-11-41 (b) when Denney's counsel failed to attend oral argument on the motion.

The next day, Denney filed a motion to reconsider the trial court's grant of Crenshaw's motion to dismiss, explaining that her counsel only became aware that he missed the scheduled hearing upon receiving the email notification of the dismissal order. Specifically, Denney's counsel claimed that he missed the hearing because it

2

had "not been entered on [his] calender after receipt of the . . . *rule nisi*," which was a first-time occurrence in his 38 years of practice. Nevertheless, the trial court denied Denney's motion for reconsideration of the dismissal.

Denney appeals and contends that the trial court erred by dismissing her case due to her counsel's failure to appear at oral argument on Crenshaw's motion for reconsideration of his motion for summary judgment.

We review a grant of a motion to dismiss pursuant to OCGA § 9-11-41 (b) for an abuse of discretion. See *Wallace v. Laughlin*, 217 Ga. App. 444, 445 (2) (459 SE2d 556) (1995). OCGA § 9-11-41 (b) provides that "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court, a defendant may move for dismissal of an action or of any claim against him."

There are no Georgia appellate decisions holding that a plaintiff's case can be dismissed for want of prosecution for failure to appear at oral argument on a defendant's motion. We have previously held that dismissal under OCGA § 9-11-41 (b) was appropriate when the plaintiff failed to appear at a calendar call and a pretrial conference. See *Atlanta Bus. Video v. FanTrace*, 324 Ga. App. 559, 561-563 (751 SE2d 169) (2013); *Peachtree Winfrey Assocs. v. Gwinnett County Bd. of Tax Assessors*, 197 Ga. App. 226, 226 (398 SE2d 253) (1990). These types of proceedings

3

are distinguishable from oral argument on an opposing party's motion for reconsideration of its motion for summary judgment.

Pursuant to the Uniform Superior Court Rule 6.3, "[u]nless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict." When considering an initial motion for summary judgment, oral argument "shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled 'Request for Oral Hearing,' and provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response." Uniform Superior Court Rule 6.3. "Under this rule, whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. All a party need do is make a written request for oral argument and it shall be held." (Citation and punctuation omitted.) *Southern Empire Homes, Inc. v. Ognio Grading,* 277 Ga. App. 215, 216 (626 SE2d 173) (2006). Neither party requested oral argument on Crenshaw's motion for reconsideration. Accordingly, the trial court could have decided the motion without oral hearing.

4

Because the record in this case shows that the failure to appear occurred at oral argument on an opposing party's motion to reconsider a motion for summary judgment that had already been litigated, Denney had filed two written responses to the motion, neither party requested oral argument, and Denney diligently prosecuted the case prior to the oral argument at issue, the trial court abused its direction in dismissing this case pursuant to OCGA § 9-11-41 (b). See generally *Wallace v. Laughlin*, 217 Ga. App. at 445 (2); *Massengale v. Moore*, 194 Ga. App. 328, 329 (2) (390 SE2d 439) (1990). We therefore reverse the trial court's order dismissing Denney's case.[2]

*Judgment reversed. Brown, J., concurs, and Dillard, P. J. dissents.**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).**

---

[2] It is not necessary to resolve this issue in order to decide this appeal, but we disagree with Division 3 of the dissent which concludes that a *rule nisi* is an "order" for the purposes of OCGA § 9-11-41 (b) despite the fact that this Court has previously determined that a *rule nisi* was not an "order" for the purposes of OCGA § 9-11-41 (e). See *Beck v. Dean*, 177 Ga. App. 144, 146 (1) (338 SE2d 693) (1985). It is generally accepted that the same words should not be given different meanings within the same code section. See *Mathis v. Cannon*, 276 Ga. 16, 27 (4) (573 SE2d 376) (2002); *Gary v. State*, 338 Ga. App. 403, 407-408 (1) (790 SE2d 150) (2016).

# In the Court of Appeals of Georgia

A20A0212.  DENNEY et al. v. CRENSHAW.

DILLARD, Presiding Judge, dissenting.

Trial judges wield an enormous amount of power. In many cases, they have done so in ways that seemed unnecessarily harsh to this former practitioner. This is such a case. Here, the trial judge ordered the parties to appear at a hearing, and Denney's counsel failed to do so. He received the order, but the hearing date was not calendared at his office. This is something that could happen to any attorney, and had I been the trial judge, I would have shown Denney's counsel mercy and reinstated the

6

case. But I am not the trial judge, and this Court is not at liberty to second guess the trial court's dismissal of Denney's action when its decision was unquestionably authorized by law. So, for these reasons and those that follow, I respectfully dissent.[3]

In considering Denney's enumeration of errors, we are tasked with determining whether the trial court erred in dismissing the case under OCGA § 9-11-41 (b), which provides for an involuntary dismissal without prejudice when there has been a "failure of the plaintiff to prosecute or to comply with this chapter *or any order* of court . . . ."[4] And importantly, an involuntary dismissal under OCGA § 9-11-41 (b)

---

[3] Because I dissent from the majority's opinion, it is physical precedent only. *See* Court of Appeals Rule 33.2 (a) (2) ("Prior to August 1, 2020: If an appeal was decided by a division of this Court, a published opinion in which all three panel judges fully concur is binding precedent. An opinion is physical precedent only (citable as persuasive, but not binding, authority), however, with respect to any portion of the published opinion in which any of the panel judges concur in the judgment only, concur specially without a statement of agreement with all that is said in the majority opinion, or dissent.").

[4] OCGA § 9-11-41 (b) (emphasis supplied); *accord Atlanta Bus. Video, LLC v. FanTrace, LLC*, 324 Ga. App. 559, 559 (751 SE2d169) (2013); *see Peachtree Winfrey Assoc. v. Gwinnett Cty. Bd. of Tax Assessors*, 197 Ga. App. 226, 226 (398 SE2d 253) (1990) (citing statute and supporting case law); *see also* OCGA § 15-1-3(3) (providing that every court has the power to "compel obedience to its judgments, orders, and process and to the orders of a judge out of court in an action or proceeding therein"); OCGA § 15-1-3 (4) (providing that every court has the power to "control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto"). *Cf. Pennington v. Pennington,* 291 Ga. 165, 166 (1) (728 SE2d 230) (2012)

7

"does not operate as an adjudication upon the merits,"[5] is within the trial court's discretion, and is "not subject to review by this [C]ourt in the absence of an abuse of that discretion."[6] Indeed, we will not substitute our judgment for that of the trial court when "there is no *obvious or apparent* abuse of discretion by the court in what clearly is a matter of discretion."[7] With these guiding principles in mind, I find no merit in Denney's enumerations of error.

1. Denney argues that her counsel's failure to appear at the hearing on Crenshaw's motion to reconsider was not a proper reason to involuntarily dismiss her case under OCGA § 9-11-41 (b). Specifically, Denney asserts that OCGA § 9-11-41 (b) "does not permit dismissal for failure to attend a motions hearing." But OCGA §

---

("A trial court may strike a party's pleadings as a proper sanction for wilful refusal to participate in the proceedings pursuant to a court's inherent power to efficiently administer the cases upon its docket, as well as its power to compel obedience to its orders and control the conduct of everyone connected with a judicial proceeding before that court.").

[5] OCGA § 9-11-41 (b); *accord Atlanta Bus. Video*, 324 Ga. App. at 559-60.

[6] *Atlanta Bus. Video*, 324 Ga. App. at 560 (punctuation omitted); *accord Peachtree Winfrey Assoc.*, 197 Ga. App. at 226; *see also Jimenez v. Chicago Title Ins. Co.*, 310 Ga. App. 9, 14 (3) (a) (712 SE2d 531) (2011); *Floyd v. Logisticare, Inc.*, 255 Ga. App. 702, 702-03 (1) (566 SE2d 423) (2002).

[7] *Atlanta Bus. Video*, 324 Ga. App. at 560 (punctuation omitted); *Peachtree Winfrey Assoc.*, 197 Ga. App. at 226.

8

9-11-41 (b) provides, in relevant part, that "[f]or failure of the plaintiff to prosecute or to comply with this chapter or *any order of court*, a defendant may move for dismissal of an action or of any claim against him."[8] Additionally, and importantly, a dismissal under OCGA § 9-11-41 (b) "does not operate as an adjudication upon the merits[.]"[9] So, while Denney claims our cases hold that dismissal under these circumstances is in error (*e.g.*, dismissal for the failure to appear at a summary-judgment hearing), the cases she cites do *not* stand for that proposition.

Specifically, Denney's argument relies on our decisions in *Tahoe Carpet Industries v. Aetna Business Credit*,[10] *Holt v. Bray*,[11] and *Massengale v. Moore*.[12] In *Tahoe Carpet Industries*, the trial court struck the defendant's response to the plaintiff's motion for partial summary judgment when the defendant failed to make an appearance at the summary-judgment hearing, and the court thereafter granted

---

[8] (Emphasis supplied).

[9] *Id.*

[10] 153 Ga. App. 317 (265 SE2d 116) (1980).

[11] 159 Ga. App. 43 (373 SE2d 34) (1981).

[12] 194 Ga. App. 328 (282 SE2d 693) (1990).

partial summary judgment to the plaintiff.[13] Then, on appeal, the plaintiff argued that the trial court properly struck the defendant's response under the so-called "three-minute rule," which at that time existed as Uniform Superior Court Rule 41 and was codified as Code Ann. § 24-3341.[14] This rule provided that when a case is sounded for trial, the parties shall "immediately announce ready, or move to continue; if three minutes should elapse before the announcement or motion to continue, the plaintiff's case will be dismissed, or the defendant's answer stricken."[15] And with that in mind, we held in *Tahoe Carpet Industries* that it was "quite clear that Rule 41 of the trial

---

[13] 153 Ga. App. at 320.

[14] *See generally Jones v. Jones*, 256 Ga. 185, 185 (345 SE2d 605) (1986) (noting that the "three-minute rule" ceased to exist under former Code Ann. § 24-3341 and the repeal of the old Uniform Superior Court Rules, effective in 1985); UNIF. SUP. CT. R. 1.3 ("Each of the 'Rules of the Superior Court' set out in (former) Ga. Code Ann. §§ 24-3301 through 24-3389, inclusive, not earlier repealed, is hereby expressly repealed.").

[15] *Reynolds v. ARC Servs., Inc.*, 132 Ga. App. 863, 863 (1) (209 SE2d 653) (1974); *accord McFarland v. State*, 134 Ga. App. 470, 470 (2) (214 SE2d 721) (1975); *Ga. Farm Bureau Mut. Ins. Co. v. Williamson*, 124 Ga. App. 549, 549 (1) (a) (184 SE2d 665) (1971); *see Hyman v. Aiken*, 172 Ga. App. 786, 786 (1) (324 SE2d 733) (1984) (noting that Code Ann. § 24-3341 was a codification of Superior Court Rule 41).

courts . . . applies to the sounding of cases for trial and not to the calling of a motion for summary judgment."[16]

One year later, in *Holt*, a plaintiff appealed from the trial court's striking of the amended complaint and supporting affidavit due to lack of prosecution, and the subsequent grant of summary judgment to the defendant.[17] The defendant argued that the trial court's order amounted to a dismissal under former Code Ann. § 81A-141 (b), now OCGA § 9-11-41 (b). But we flatly rejected this claim, concluding that "[n]either the court's order nor anything else in the record support[ed] this contention." Instead, we found that the order and record supported the *plaintiff's* argument that the dismissal was based upon the three-minute rule in Code Ann. § 24-3341.[18] So, as in *Tahoe Carpet Industries*, we held in *Holt* that the trial court was not authorized to dismiss the case under that former Code section when the circumstances concerned a motion for summary judgment and *not* sounding of the case for trial.[19]

---

[16] 153 Ga. App. at 320 (2).

[17] *See* 159 Ga. App. at 43.

[18] *Id.*

[19] *Id.*

11

Finally, in *Massengale*, during a hearing called to consider the defendant's pending motion for the enforcement of a settlement agreement, counsel for the plaintiff voluntarily left the courtroom and "indicat[ed] her intention not to prosecute her case," resulting in the trial court dismissing the case on that ground.[20] Curiously, this Court—without reference to any statutory basis or binding precedent, and citing only the "[u]nusual circumstances of [the] case, as revealed by the court's order and by other portions of the record"—concluded in the second division of that opinion that the dismissal of the complaint was "not authorized and that the appropriate course of action . . . in the face of . . . counsel's refusal to proceed was simply to grant . . . the enforcement of the settlement agreement[.]"[21]

After discussing these three cases, Denney asserts that OCGA § 9-11-41 (b) does not "permit dismissal of a case for a failure of [a] party to appear at motions hearings." But it is obvious from the discussion of the foregoing cases that they did not rely upon OCGA § 9-11-41 (b) as the foundation of the trial courts' errors. Indeed, in both *Tahoe Carpet Industries* and *Holt*, we concluded that an *entirely different* Code section was relied on by the trial courts, *i.e.*, the now-repealed three-

---

[20] *See* 194 Ga. App. at 329.

[21] *Id.* at 440 (2).

12

minute rule codified in former Code Ann. § 24-3341,[22] and that rule was explicitly limited to the circumstance of sounding a case for trial.[23] As for the second division of this Court's opinion in *Massengale*, well, I am not exactly sure what to make of this odd little outlier. But whatever it means (and I am not sure it means much of anything), a precedent of this Court that relies on nothing has little, if any, precedential utility in future cases.[24] In any event, in stark contrast to the foregoing opinions, the plain language of OCGA § 9-11-41 (b) provides that a court may

---

[22] *See supra* note 14 & accompanying text.

[23] *See supra* note 16 & accompanying text; *see also Archer v. Monroe*, 165 Ga. App. 724, 724-25 (302 SE2d 583) (1983) (holding that trial court did not abuse its discretion by striking defendant's answer, and subsequently entering default judgment, when defendant and counsel failed to appear for call of the case for trial); *Strother v. Hill Aircraft & Leasing Corp.*, 145 Ga. App. 116, 116 (2) (243 SE2d 262) (1978) (finding no error in trial court's application of "three-minute rule" by striking answer and counterclaim, and subsequently entering default judgment, when defendant failed to appear for call of the case for trial).

[24] *See* BLACK'S LAW DICTIONARY 1366 (10th ed. 2014) (defining "precedent" as a "decided case that *furnishes a basis for determining later cases* involving similar facts or issues." (emphasis supplied)); Bryan A. Garner *et al.*, THE LAW OF JUDICIAL PRECEDENT 226 ("The precedential sway of case is directly related to the care and reasoning reflected in the court's opinion."). *But see* GA. CONST., art. VI, § VI, ¶ VI (1983) ("The decisions of the Supreme Court [of Georgia] shall bind all other courts as precedents."); *Whorton v. State*, 321 Ga. App. 335, 339 (1) (741 SE2d 653) (2013) (holding that "vertical stare decisis dictates that we faithfully adhere to the precedents established by the Supreme Court of Georgia").

13

dismiss a case for "failure of the plaintiff to prosecute or to comply with this chapter

or *any order of court*."[25] And while the final sentence of the trial court's order says

that the case is dismissed "for want of prosecution pursuant to OCGA § 9-11-41," the

court's concern is that "[t]he parties were *ordered* to appear . . . for an oral argument

hearing to determine whether the relief sought in Defendant's Motion for

Reconsideration should be granted,"[26] and Denney failed to appear despite having

been properly served. But regardless of whether Denney's failure to appear amounted

to a failure to prosecute or a failure to comply with the trial court's order, the court

did not base its decision on an erroneous legal theory, as Denney claims, and certainly

did not abuse its discretion by dismissing the case for the failure to appear at a

scheduled and noticed hearing,[27] *i.e.*, for the failure to comply with the court's order,

as further discussed in Division 3.

---

[25] (Emphasis supplied).

[26] (Emphasis supplied).

[27] *See Atlanta Bus. Video*, 324 Ga. App. at 561-63 (holding that trial court was not precluded from dismissing entire case without prejudice under OCGA § 9-11-41 (b) for plaintiff's failure to appear at scheduled proceeding); *Peachtree Winfrey Assocs. v. Gwinett Cty. Bd. of Tax Asses.*, 197 Ga. App. 226, 226 (398 SE2d 253) (1990) (holding that trial court did not abuse its discretion by dismissing case under OCGA § 9-11-41 (b) when appellant failed to appear at scheduled hearing).

Although the majority focuses on the fact that the trial court *could* have resolved the motion for reconsideration without a hearing, *nothing* in Uniform Superior Court Rule 6.3 prevents a trial court from ordering a hearing on its own motion when it feels that a hearing is necessary.[28] And it is certainly not unheard of for a trial court to conduct a hearing on a motion for reconsideration.[29]

2. Next, Denney asserts that dismissal under the circumstances of this case "eviscerates" the rule prohibiting summary judgment by default. Denney is correct that there is no such thing as default summary judgment.[30] But her assertion that the

---

[28] *See* Unif. Sup. Ct. R. 6.3 ("*Unless otherwise ordered by the court*, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict." (emphasis supplied)); *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622, 624 (351 SE2d 443) (1987) ("All a party need do is make a written request for oral argument [on a motion for summary judgment] and it shall be held. This, of course, is not to say the court lacks the power to order a hearing on its own motion. It has such power." (citation omitted)); *Holladay v. Cumming Family Med., Inc.*, 348 Ga. App. 354, 355 (823 SE2d 45) (2019) ("[A] trial court is not required to hold oral argument in the absence of a separate written request, but may order a hearing on its own motion.").

[29] *See, e.g., Fluke v. Westerman*, 271 Ga. App. 418, 421 (1) (609 SE2d 744) (2005) (discussing hearing conducted on motion for reconsideration of a summary judgment ruling).

[30] *See Rapps v. Cooke*, 234 Ga. App. 131, 131 (1) (505 SE2d 565) (1998) ("[The defendants] failed to file a timely response to the [plaintiffs'] motion for summary judgment and did not appear at the hearing on the motion. Because there is

15

trial court's dismissal under OCGA § 9-11-41 (b) amounts to a default summary judgment is a nonstarter.

Although Denney claims that the result of such a dismissal is the same as obtaining summary judgment by default, this is simply untrue. While summary judgment operates as a judgment on the merits of a case, a dismissal under OCGA § 9-11-41 (b) "does not operate as an adjudication upon the merits."[31] A dismissal under OCGA § 9-11-41 (b) for the failure to appear at a summary-judgment hearing,

no such thing as a default summary judgment, [the defendants'] failure to timely respond to the motion does not automatically entitle the [plaintiffs] to summary judgment in their favor."); *see also Salem Crossing Towhomes Homeowners Assoc., Inc. v. Wagner*, 347 Ga. App. 621, 624 (1) (a) (820 SE2d 453) (2018) (noting that there is "no such thing as a default summary judgment"); *Tselios v. Sarsour*, 341 Ga. App. 471, 473 (800 SE2d 636) (2017) (same).

[31] OCGA § 9-11-41 (b); *see Chrysler Fin. Servs. Am., LLC v. Benjamin*, 325 Ga. App. 579, 580-81 (1) (754 SE2d 157) (2014) (holding that trial court did not abuse its discretion by dismissing case based upon the plaintiff's failure to appear at four separate calendar calls, but vacating and remanding to the extent the trial court dismissed the case *with* prejudice as opposed to without prejudice); *Hammonds v. Sherman*, 277 Ga. App. 498, 498 (627 SE2d 110) (2006) ("A trial court may dismiss a civil action without prejudice for failure to appear at a peremptory calendar call."); *Boyd v. Crawford*, 231 Ga. App. 169, 170 (3) (498 SE2d 762) (1998) ("[Because] the superior court's order states that it is partly based on [the] unexcused absence from court, the superior court had no authority to adjudicate the matter and was limited to dismissing, without prejudice[.]"); *Peachtree Winfrey Assocs.*, 197 Ga. App. at 226 (holding that although trial court did not abuse its discretion by dismissing case for failure to appear at scheduled hearing, the trial court erred by dismissing it with prejudice).

then, in no way conflicts with our Supreme Court's explanation that the failure to appear at such a hearing "is not a sufficient basis for the grant of summary judgment."[32]

3. Finally, Denney contends a *rule nisi* is not the type of order that permits dismissal under OCGA § 9-11-41 (b). More specifically, Denney argues that because we previously determined that a *rule nisi* is not an "order" as used in OCGA § 9-11-41 (e), a *rule nisi* is not an order for purposes of OCGA § 9-11-41 (b). I disagree.

OCGA § 9-11-41 (e) provides that

> [a]ny action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, an order of continuance will be deemed an order. When an action is dismissed under

---

[32] *GeorgiaCarry.Org, Inc. v. James*, 298 Ga. 420, 424 (3) (782 SE2d 284) (2016). Not only is this portion of the Supreme Court of Georgia's opinion *dicta*, *see id.* (noting that the trial court's ruling on the basis of failing to appear at the hearing "plays no role in our resolution of this appeal"), but the Court relied on our decision in *Anderson v. Matich*, 186 Ga. App. 84 (366 SE2d 300 (1988), holding that the trial court "was not authorized to grant summary judgment to the plaintiff solely because the defendants did not appear at the summary judgment hearing." *Id.* at 86 (2). Again, this holding in no way conflicts with a *dismissal* without prejudice under OCGA § 9-11-41 (b). Nevertheless, it is worth noting that *Anderson* relied on *Holt* for this proposition. And as previously explained, *Holt* was decided on the basis of former Code Ann. § 24-3341, *i.e.*, the "three-minute rule," not former Code Ann. § 81A-141 (b) (now codified at OCGA § 9-11-41 (b)), *see supra* notes 14-16 & accompanying text.

17

this subsection, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action.

And in *Beck v. Dean*,[33] we explained that a *rule nisi* "is an order which directs a party to show cause why the rule should not be made absolute and will become a 'rule absolute' unless such cause is shown."[34] Specifically, in *Beck*, between March 31, 1980, and March 29, 1985, no action was taken in the underlying case. But on March 29, 1985, the plaintiff filed a motion for continuance and obtained a *rule nisi*.[35] The *rule nisi* was for the purpose of "securing a continuance," and we concluded that the "intent cannot be interpreted as having a purpose of resolving the inactive litigation but only to further delay the already protracted action."[36] Thus, we concluded that

---

[33] 177 Ga. App. 144 (338 SE2d 693) (1985), *disapproved of on other grounds by Tillet Bros. Const. Co., Inc. v. Dept. of Transp.*, 210 Ga. App. 84 (435 SE2d 241) (1993).

[34] *Id.* at 145 (1); *see Brown v. King*, 266 Ga. 890, 890 (1) (472 SE2d 65) (1996) ("The rule nisi ordered the husband to show cause at a hearing set on December 1, 1995."); *Exum v. Long*, 157 Ga. App. 592, 592 (278 SE2d 13) (1981) ("On March 20, 1980, plaintiff filed her amended motion for new trial which was allowed by the court and a rule nisi ordered the defendants to appear and show cause on March 26, 1980, why plaintiff's motion for new trial, as amended, should not be granted.").

[35] *Beck*, 177 Ga. App. at 145.

[36] *Id.* at 145 (1).

although a *rule nisi* is "an 'order' in the general sense, it is, first and foremost, a 'rule' and it is not such an 'order' envisioned by the framers of our code as would tend to resolve 'inactive litigation.'"[37] Accordingly, because the purpose of the *rule nisi* in *Beck* was "to further extend the period of time for automatic dismissal, it was ineffective."[38]

But here, we are faced with OCGA § 9-11-41 (b), which provides, in relevant part, that "[f]or failure of the plaintiff to prosecute or to comply with this chapter or *any order* of court, a defendant may move for dismissal of an action or of any claim against him."[39] And the *rule nisi* in this case provides as follows: "Having read and considered Defendant Jason Crenshaw's Motion for Reconsideration, as well as Plaintiff's Response in Opposition, the parties are HEREBY ORDERED to appear Thursday, July 18, 2019, at 1:30 pm, for a hearing to determine whether the relief sought by Defendant should be granted." So, despite the trial court's order to appear, and despite having received notice, Denney's counsel did not appear at the scheduled hearing and, thus, did not comply with the *rule nisi*, the purpose of which was to

---

[37] *Id.* at 146 (1).

[38] *Id.*

[39] (Emphasis supplied).

19

*order* the parties' appearances to resolve Crenshaw's motion. Under these particular circumstances, and given the plain language of OCGA § 9-11-41 (b), the *rule nisi* was—in the general sense—an order,[40] and the trial court did not abuse its discretion by dismissing this case without prejudice for the failure to comply with the order when Denny failed to appear at the hearing.[41]

For all these reasons, I would affirm the trial court's dismissal of the case under OCGA § 9-11-14 (b).

---

[40] *Cf. Martin v. Waters*, 151 Ga. App. 149, 150 (2) (259 SE2d 153) (1979) ("Where a witness or litigant who has been ordered to appear at a given time is tardy in his arrival, or does not make an appearance as ordered, the question arises whether the delay or nonappearance was a wilful and contumacious flaunting of the appearance *ordered by the rule nisi*, whether it was accidental, or whether it was due to some unavoidable cause. The normal procedure when a party or witness who has been ordered to appear does not do so is to arrest him under a bench warrant at which time the cause of the delay can be inquired into." (emphasis supplied)).

[41] *Atlanta Bus. Video*, 324 Ga. App. at 561-62 (holding that trial court was not precluded from dismissing entire case without prejudice for plaintiff's failure to appear at scheduled proceeding); *Peachtree Winfrey Assocs.*, 197 Ga. App. at 226 (holding that trial court did not abuse its discretion by dismissing case when appellant failed to appear at scheduled hearing).

Decided June 19, 2020.


Dismissal; want of prosecution. Spalding State Court. Before Judge Thacker.

*Garland Samuel & Loeb, David E. Tuszynski*, for appellants.

*Freeman Mathis & Gary, Sun S. Choy, Sara E. Brochstein*, for appellee.